UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RUBIN CLARETT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 3:11 CV 73 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Rubin Clarett, a *pro se* prisoner, filed a habeas corpus petition challenging a disciplinary sanction imposed by a hearing officer at Indiana State Prison ("ISP") under cause number ISP 10-11-0119. (DE # 1).

I. BACKGROUND

On November 6, 2010, Correctional Officer M. Risner prepared a conduct report charging Clarett with possession of an intoxicant. (DE # 8-1.) The conduct report stated as follows:

> On 11/6/10 at approximately 11:55 am I Ofc M Risner conducted a search of D cell house #120. Cell #120 is assigned to Clarett #127890. At that time, I confiscated a bottle of orange liquid with an alcoholic odor.

(*Id.*) Clarett was notified of the charge and given a copy of the conduct report. (*Id.*) He pled not guilty and requested a lay advocate. (DE # 8-3.) He also requested witness statements from Lieutenant Wilson and the inmates housed in cells 121 and 118, as well as production of camera evidence, the liquid that was confiscated, and a copy of the confiscation form. (*Id.*)

Thereafter, a statement was obtained from Lieutenant Wilson, who stated that he had no knowledge of the incident. (DE # 8-6.) Statements were also obtained from the inmates housed in cells 121 and 118. (DE ## 8-4, 8-5.) The inmate in cell 118 stated that he did not believe the liquid came from cell 120 because, in his words, "when I was being shook down the cup was already sitting on the range." (DE # 8-4.) The inmate in cell 121 stated that he believed the bottle of liquid came from cell 119 rather than cell 120. (DE # 8-5.) The hearing officer also reviewed the camera evidence as Clarett requested, which she summarized as follows: "When viewing the camera I'm only able to see the shakedown crew on the range at this time." (DE # 8-8.) The confiscation notice was also produced, as was a photograph of the bottle taken from Clarett's cell. (DE ## 8-9, 8-10.)

On November 29, 2010, a hearing was held. (DE # 8-11.) Clarett made the following statement: "I do not drink alcohol. It did not come out of my room. . . The photo of the intoxicant was taken at the end of the range not in front of my cell. My neighbors said it came out of a different cell." (*Id*.) The hearing officer nevertheless found Clarett guilty based on staff reports and other evidence, and imposed a sanction of 15 days lost earned time credits. (*Id*.) Clarett appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE ## 8-12, 8-13.)

II.     ANALYSIS

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present

2

documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). To satisfy due process, there must also be "some evidence" in the record to support the hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Clarett first claims that he was denied his right to an impartial decision-maker. (DE # 1 at 3.) Adjudicators in the prison disciplinary setting are entitled to a presumption of honesty and integrity, and the constitutional standard for impermissible bias is high. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process is violated when officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, also serve on the disciplinary board. *Id.*; *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995).

Here, Clarett does not assert that the hearing officer was involved in the underlying charge, but rather that she was biased because she rejected his defense without adequate consideration. (DE # 1 at 3, 5-6.) The "evidence" Clarett points to, such as that the hearing officer chose to credit staff reports over his witnesses, does not demonstrate impermissible bias but a permissible weighing of conflicting evidence. The record reflects that the hearing officer obtained and considered the evidence that Clarett requested.* She was not required to credit Clarett's denials of wrongdoing or the

---

*Clarett suggests that the hearing officer could not have adequately considered the statements from the offender witnesses because they were "illegible." (DE # 1 at 5.) The court disagrees with this characterization of the record. Although one of the statements is awkwardly worded, both are fully legible, and the import of the statements is clear: these offenders believed that the liquid came from a cell other than Clarett's. (*See* DE ## 8-4, 8-5.)

3

statements of his witnesses, nor was she required to establish guilt beyond a reasonable doubt. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Clarett has failed to show that the hearing officer was impermissibly biased, and therefore this claim is denied.

Clarett also claims that the hearing officer's written statement was inadequate. (DE # 1 at 5.) A prisoner is entitled to a written statement by the fact-finder of the evidence relied on and the reasons for the determination. *Wolff*, 418 U.S. at 566. The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007).

In reaching her decision, the hearing officer stated that she was relying on staff reports, witness statements, the evidence card, the video, and the photograph. (DE # 8-11.) She further stated: "I believe the content of the conduct report and the photos of evidence to be true, therefore I find him guilty."(*Id.*) Although this statement was not lengthy, it adequately articulated her reasoning; she chose to credit Officer Risner's statement that the liquid came from Clarett's cell rather than Clarett's statements to the contrary. The written statement the hearing officer provided satisfied due process, and therefore this claim is denied.

Clarett also appears to claim that he was entitled to have a three-member disciplinary board decide his case. (DE #1 at 7.) There is no such requirement in *Wolff*, and instead due process only requires an impartial decision-maker. *See Wolff*, 418 U.S. at 566. As stated above, Clarett has not established that he was denied his right to an

impartial decision-maker. To the extent Clarett is arguing that internal prison policy requires a three-member board, the violation of a prison policy or other state law would not provide a basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Accordingly, this claim is denied.

Finally, Clarett claims that there was insufficient evidence of his guilt. (*See* DE # 1 at 4.) In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

In this case, there is sufficient evidence in the record to support the hearing officer's determination. The conduct report in which Officer Risner stated that he found the liquid in Clarett's cell was by itself sufficient evidence that Clarett possessed an intoxicant. *Moffat*, 288 F.3d at 988 (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). Although Clarett denies that the liquid was his,

it is not the province of this court to reweigh the evidence or determine the relative credibility of witnesses. *McPherson*, 188 F.3d at 786.

Clarett also suggests that the liquid should have been chemically tested for the presence of alcohol. (DE # 1 at 8.) However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The hearing officer was not required to send the evidence for forensic testing or establish guilt beyond a reasonable doubt; instead, due process is satisfied as long as her determination was not arbitrary. *See Hill*, 472 U.S. at 457 (evidence was sufficient even where it could be characterized as "meager" and there was no direct evidence of guilt). The hearing officer based her decision on the conduct report, in which Officer Risner attested that the liquid was taken from Clarett's cell and smelled of alcohol. (DE # 8-1.) Because there is some evidence to support the hearing officer's determination that Clarett possessed an intoxicant, his claim is denied.

### III.     CONCLUSION

For the reasons set forth above, the petition (DE # 1) is **DENIED**.

**SO ORDERED**.

Date: October 19, 2011

                                               s/James T. Moody_____
                                               JUDGE JAMES T. MOODY
                                               UNITED STATES DISTRICT COURT